Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Daniel L. Steban Jr.
Mary Beth Steban**
    Debtor(s)

Bankruptcy Case No.: 14–23093–GLT
Issued Per 9/7/2017 Proceeding
Chapter: 13
Docket No.: 116 – 107
Concil. Conf.: September 7, 2017 at 09:00 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated July 24, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $1,477.00 as of September, 2017. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Sep. 7, 2017 at 09:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Claim No. 14 of AFS Acceptance .

☒ H. Additional Terms: A Fee Application is needed if any fee (including retainer) exceeds $4,000.00 including any fees paid to prior counsel.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: September 7, 2017

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 14-23093-GLT
Daniel L. Steban, Jr.                                                     Chapter 13
Mary Beth Steban
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2        User: dbas              Page 1 of 2            Date Rcvd: Sep 07, 2017
                            Form ID: 149            Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 09, 2017.
```
db/jdb         +Daniel L. Steban, Jr.,   Mary Beth Steban,    308A Riverside Road,    Smithton, PA 15479-1582
13898567       +Beneficial,   P. O. Box 10640,    Virginia Beach, VA 23450-0640
13898568       +Beneficial,   P.O. Box 4153K,    Carol Stream, IL 60197
13898569       +Best Buy Cedit Card,   HSBC Retail Service,    PO Box 17298,    Baltimore, MD 21297-1298
13898571       +Brylane Home,   PO Box 659728,    San Antonio, TX 78265-9728
13898572       +Capital One,   PO Box 71083,    Charlotte, NC 28272-1083
13898573       +Capital One Auto Finance,    PO Box 71083,    Charlotte, NC 28272-1083
13906503       +Capital One Auto Finance,    PO Box 9013,   Addison, TX 75001-9013
13898574       +Chase Bank,   P.O. Box 78420,    Phoenix, AZ 85062-8420
13898576        Fingerhut,   P. O. Box 166,    Newark, NJ 07101-0166
13898577        GE Care Credit,   Asset Acceptance LLC,    Warren, MI 48090
13898578        Gettington,   P. O. Box 166,    Newark, NJ 07101-0166
13898579       +Great Plains Lending,   PO Box 42906,    Philadelphia, PA 19101-2906
13898580        JP Morgan / Chase Home Finance,    P.O. Box 24696,    Columbus, OH 43224-0696
13958985       +JPMorgan Chase Bank, National Association,    Chase Records Center,    Attn: Correspondence Mail,
                 Mail Code: LA4-5555,   700 Kansas Lane,    Monroe, LA 71203-4774
13898581        K Jordan,   P.O. Box 2809,    Monroe, WI 53566-8009
13920004       +K. Jordan,   c/o Creditors Bankruptcy Service,    P.O. Box 740933,    Dallas, TX 75374-0933
13950198       +Level Financial LLC,   PO Box 3023,    Hutchinson, KS 67504-3023
13922752       +Massey's,   c/o Creditors Bankruptcy Service,    P.O. Box 740933,    Dallas, TX 75374-0933
13898583        Masseys,   P.O. Box 2822,    Monroe, WI 53566-8022
13898584       +Mobiloan, LLC,   PO Box 1409,    Marksville, LA 71351-1409
13898585       +Monessen School District,    c/o Berkheimer Tax Adminstrator,   50 North 7th Street,
                 Bangor, PA 18013-1731
13912294       +Seventh Avenue,   1112 7th Ave.,    Monroe, WI 53566-1364
13922771       +Seventh Avenue,   c/o Creditors Bankruptcy Service,    P.O. Box 740933,    Dallas, TX 75374-0933
13898587        Victoria Secret,   P.o. Box 1821265,    Columbus, OH 43218
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/Text: bk@afsacceptance.com Sep 08 2017 03:18:18     AFS Acceptance,   P.O. Box 189007,
                 Plantation, FL 33318-9007
cr             +E-mail/PDF: acg.acg.ebn@americaninfosource.com Sep 08 2017 03:25:39
                 Capital One Auto Finance c/o Ascension Capital Gro,   P.O. Box 201347,
                 Arlington, TX 76006-1347
14665174       +E-mail/Text: bk@afsacceptance.com Sep 08 2017 03:18:18     AFS Acceptance LLC,
                 Attn: Bankruptcy Dept.,   1475 W. Cypress Creek Road,    Fort Lauderdale, FL 33309-1931
13898575       +E-mail/PDF: creditonebknotifications@resurgent.com Sep 08 2017 03:25:17     Credit One Visa,
                 PO Box 60500,   City of Industry, CA 91716-0500
13955537        E-mail/PDF: resurgentbknotifications@resurgent.com Sep 08 2017 03:25:18
                 LVNV Funding, LLC its successors and assigns as,   assignee of FNBM, LLC,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
13898582       +E-mail/PDF: gecsedi@recoverycorp.com Sep 08 2017 03:25:36     Lowes & GE Money Bank,
                 Synchrony Bank,   P.O. Box 530914,   Atlanta, GA 30353-0914
13944604        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 08 2017 03:31:52
                 Portfolio Recovery Associates, LLC,   POB 12914,   Norfolk VA 23541
13906058        E-mail/Text: bnc-quantum@quantum3group.com Sep 08 2017 03:17:40
                 Quantum3 Group LLC as agent for,   Comenity Bank,   PO Box 788,   Kirkland, WA  98083-0788
13901146       +E-mail/Text: bnc-bluestem@quantum3group.com Sep 08 2017 03:18:23     Webbank-Fingerhut,
                 6250 Ridgewood Rd,   St. Cloud, MN 56303-0820
                                                                                               TOTAL: 9
```
```
               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              JPMorgan Chase Bank, National Association
cr*            +Level Financial, LLC,   P.O. Box 3023,   Hutchinson, KS 67504-3023
13898570      ##+Best Choice 123,   PO Box 472,   Talmage, CA 95481-0472
13898586      ##+Plain Green Loans,   93 Mack Road,   Suite 600,   PO Box 255,   Box Elder, MT 59521-0255
                                                                                  TOTALS: 1, * 1, ## 2
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0315-2          User: dbas              Page 2 of 2              Date Rcvd: Sep 07, 2017
                              Form ID: 149            Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 09, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 7, 2017 at the address(es) listed below:
              Chrisovalanate P. Fliakos    on behalf of Creditor    JPMorgan Chase Bank, National Association
               pawb@fedphe.com
              Christopher M. Frye    on behalf of Joint Debtor Mary Beth Steban chris.frye@steidl-steinberg.com,
               julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgo
               ga@steidl-steinberg.com;r53037@notify.bestcase.com
              Christopher M. Frye    on behalf of Debtor Daniel L. Steban, Jr. chris.frye@steidl-steinberg.com,
               julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgo
               ga@steidl-steinberg.com;r53037@notify.bestcase.com
              Christopher M. Frye    on behalf of U.S. Trustee    Office of the United States Trustee
               chris.frye@steidl-steinberg.com,
               julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgo
               ga@steidl-steinberg.com;r53037@notify.bestcase.com
              Christopher M. Frye    on behalf of Trustee Ronda J. Winnecour chris.frye@steidl-steinberg.com,
               julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgo
               ga@steidl-steinberg.com;r53037@notify.bestcase.com
              James  Warmbrodt    on behalf of Creditor    AFS Acceptance bkgroup@kmllawgroup.com
              James A. Prostko    on behalf of Creditor    JPMorgan Chase Bank, National Association
               pawb@fedphe.com,    james.prostko@phelanhallinan.com
              Mario J. Hanyon    on behalf of Creditor    JPMorgan Chase Bank, National Association
               pawb@fedphe.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 10
```